UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SARA O., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C20-1847-MLP <br><br> ORDER |

## I.  INTRODUCTION

Plaintiff seeks review of the denial of her application for a Period of Disability and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by, among other things, discounting her testimony and the January 2012 opinion of Kristin Young, PA-C. (Dkt. # 21.) The Court agrees. Because these errors are dispositive of a finding of disability, the Court need not address the balance of Plaintiff's assignments of error. *See PDK Labs. Inc. v. DEA*, 362 F.3d 786, 799 (D.C. Cir. 2004) ("[I]f it is not necessary to decide more, it is necessary not to decide more.") (Roberts, J., concurring in part and concurring in the judgment). As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the case for a finding of disability under sentence four of 42 U.S.C. § 405(g).

ORDER - 1

## II.  BACKGROUND

Plaintiff was born in 1977, has at least a high school education, and previously worked as an auto contract clerk. AR at 1412. Plaintiff applied for benefits on January 20, 2010, alleging disability as of July 1, 2008. *Id.* at 123. To date, ALJs have conducted five hearings and issued four decisions. This is the third time this matter is before this Court, and the second time before the undersigned. Most recently, the undersigned reversed the prior ALJ decision, finding the ALJ erred by, among other things, improperly discounting Plaintiff's testimony and PA-C Young's January 2012 opinion. *See id.* at 1474-80, 1485-88. On remand, the ALJ held the fifth hearing in this matter. *See id.* at 1425-35. In October 2020, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 1389-1424. In relevant part, the ALJ found Plaintiff's severe impairments of "fibromyalgia, degenerative disc disease, sleep apnea, obesity, differing mental health diagnoses to include affective disorder, anxiety disorder, and personality disorder" limited her to light work subject to a series of further limitations. *Id.* at 1395, 1399. Based on vocational expert testimony, the ALJ found Plaintiff could perform light and sedentary jobs existing in significant numbers in the national economy. *Id.* at 1413-14. Plaintiff appealed this final decision of the Commissioner to this Court. (Dkt. # 1.)

## III.  LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)

(cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

### A. The ALJ Erred by Discounting Plaintiff's Fibromyalgia and Mental Impairment Allegation

The ALJ found Plaintiff presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged and made no finding she was malingering. AR at 1400. The ALJ was thus required to provide "specific, clear, and convincing" reasons supported by substantial evidence to discount Plaintiff's testimony. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).

Plaintiff argues, among other things, the ALJ erred by discounting her testimony concerning her fibromyalgia and mental impairments. The ALJ indicated Plaintiff testified "she has difficulty walking and standing for prolonged periods due to pain and constant fatigue and has difficulty using her hands due to pain and numbness," and "she gets anxiety and nervousness around others very easily, eas[ily] distract[ed], and alternat[es] between manic and depressive

phases that result in crying spells, mood swings, isolation, and racing thoughts." AR at 1399-1400.

As to Plaintiff's fibromyalgia, the ALJ first discounted Plaintiff's testimony on the grounds she "often presents for medical appointments and examinations appearing in no acute or apparent distress" and, based on the ALJ's own observation, "she sat through an entire hearing without pain behaviors." AR at 1402. The ALJ erred in two respects. First, this Court previously held the ALJ erred by discounting Plaintiff's fibromyalgia allegations based on a lack of "dramatic pain complaints" on examination. *Id*. at 1477; *see Sullivan v. Hudson*, 490 U.S. 877, 886 (1989) (deviation from a court's remand order in a subsequent administrative proceeding is itself legal error, subject to reversal on further judicial review). Indeed, "the symptoms of fibromyalgia wax and wane, and a person may have bad days and good days." *Revels v. Berryhill*, 874 F.3d 648, 663 (9th Cir. 2017) (cleaned up). Appearing in "no acute or apparent distress" at certain times is thus not inconsistent with Plaintiff's allegations of waxing-and-waning symptoms. *See, e.g.*, *Loretta S. v. Comm'r of Soc. Sec. Admin.*, 2020 WL 4559817, at *4 (D. Or. Aug. 7, 2020) (finding ALJ erred by relying, in part, on treatment notes indicating "no apparent distress" to discount plaintiff's fibromyalgia claims). Second, such "sit and squirm" observations are disfavored. *See Perminter v. Heckler*, 765 F.2d 870, 872 (9th Cir. 1985).

The ALJ also discounted Plaintiff's fibromyalgia claims as inconsistent with "responsiveness to minimal treatment." AR at 1401-02. The ALJ found that, while taking Cymbalta, Plaintiff was able to "lift, carry, and handle light objects" and "sit in a chair without any dramatic pain complaints" on examinations. *Id.* at 1401. The ALJ's finding is foreclosed by Ninth Circuit precedent. *Revels* instructs that, in the context of a fibromyalgia claimant, an ALJ's

ORDER - 4

citation to "normal muscle strength, tone, and stability, as well as a normal range of motion" is "erroneous." 874 F.3d at 666; *see id.* at 663 ("A person with fibromyalgia may have muscle strength, sensory functions and reflexes that are normal.") (cleaned up).

As to Plaintiff's mental health impairments, the ALJ first discounted Plaintiff's allegations as inconsistent with her lack of "psychiatric hospitalizations." AR at 1403. This is not a legitimate inconsistency: the record reflects no doctor opined Plaintiff would require in-patient psychiatric treatment and the ALJ is not qualified to make such an interpretation. *See Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975) (recognizing that an ALJ is "not qualified as a medical expert"). Next, the ALJ discounted Plaintiff's allegations as inconsistent with "minimal psychiatric observations," including "treatment notes document[ing] the claimant as alert and oriented" and a mental status examination "showing normal attention, concentration, calculation, and abstract thinking." *Id*. at 1402-03. The ALJ's finding is unsupported, as the evidence on which the ALJ relies does not reasonably undermine Plaintiff's allegations of "*phases*" of heightened mental health symptoms. *Id*. at 1400 (emphasis added). Indeed, in the mental health context, "[c]ycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014); ("Reports of 'improvement' in the context of mental health issues must be interpreted with an understanding of the patient's overall well-being and the nature of her symptoms. They must also be interpreted with an awareness that improved functioning while being treated and while limiting environmental stressors does not always mean that a claimant can function effectively in a workplace.") (cleaned up); *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) ("That a

ORDER - 5

person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace."). Finally, the ALJ discounted Plaintiff's mental impairment allegations as inconsistent with her improvement with treatment. This Court previously held the ALJ erred by discounting Plaintiff's mental impairments allegations on this ground. *See* AR at 1479-80.

As to both Plaintiff's fibromyalgia and mental impairments, the ALJ discounted Plaintiff's allegations as inconsistent with her activities, to include "driving the kids to school, watching television, crocheting, straightening the house, and doing dishes." AR at 1405. This Court previously held the ALJ erred by discounting Plaintiff's testimony as inconsistent with these same activities of daily living. *See id.* at 1478-79; *see also Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled.") (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("Several courts, including this one, have recognized that disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations."); *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (noting that a disability claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits). The ALJ accordingly erred by discounting Plaintiff's testimony concerning her fibromyalgia and mental impairments.

### B.     The ALJ Erred by Discounting PA-C Young's 2012 Opinion

PA-C Young opined in January 2012 that Plaintiff was unable to sit, stand, and walk for a total of 8 hours a day, that she cannot lift more than 10 pounds occasionally, and that she had

ORDER - 6

postural, manipulative, and environmental limitations. AR 819-24. The ALJ gave this opinion "little weight." *Id.* at 1407.

The ALJ first discounted the opinion as "rely[ing] so heavily" on Plaintiff's self-report. AR at 1408. However, because the ALJ erred in discounting Plaintiff's testimony, as discussed above, this is not a valid reason for discounting the opinion.

The ALJ next discounted the opinion as "not well-supported by treatment records," pointing to "treatment notes often documenting no coordination difficulties and normal gait despite allegations of unobserved falls." AR at 1408. This Court previously rejected this reasoning. *See id*. at 1486. Indeed, as this Court previously held, "[n]ormal clinical findings are expected with fibromyalgia, and this is not a specific and germane reason to discount Ms. Young's opinion." *Id*. (citing *Revels*, 874 F.3d at 663).

Finally, the ALJ discounted the opinion as inconsistent with Plaintiff's activities. AR at 1408. This Court previously rejected this reasoning. *See id.* at 1487. Further, as discussed above, the activities on which the ALJ relies are not inconsistent with Plaintiff's allegations or PA-C's Young's opinion. The ALJ accordingly erred by discounting PA-C Young's 2012 opinion.

C. **Scope of Remand**

Plaintiff contends the Court should remand for an immediate award of benefits. Before remanding a case for an award of benefits, three requirements must be met. First, the ALJ must have "'failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (quoting *Garrison*, 759 F.3d at 1020). Second, the Court must conclude "'the record has been fully developed and further administrative proceedings would serve no useful purpose.'" *Id*. In so doing, the Court considers the existence of "'outstanding issues'" that must be resolved before

ORDER - 7

a disability determination can be made. *Id*. (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014)). Third, the Court must conclude that, "'if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.'" *Id*. (quoting *Garrison*, 759 F.3d at 1021).

The Court finds that the three requirements have been met. As discussed above, the ALJ erroneously discounted Plaintiff's testimony concerning her fibromyalgia and mental impairments and PA-C Young's opinion. Notably, in assessing Plaintiff's testimony, the ALJ repeated many of the errors previously identified by this Court. Further, the ALJ has repeatedly failed to provide legally sufficient reasons for discounting PA-C Young's 2012 opinion. The Court finds that a sixth hearing would serve no useful purpose and that if the erroneously discounted evidence were credited, Plaintiff would be found disabled. The Court has no serious doubts as to whether Plaintiff is disabled, and finds that the significant delay since Plaintiff applied for disability in 2010 also weighs in favor of a finding of disability. Under these circumstances, the Court exercises its discretion to remand this matter for a finding of disability.

## V.     CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for a finding of disability under sentence four of 42 U.S.C. § 405(g).

Dated this 8th day of September, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge